IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 12, 2017 Session

**KIM L. HIGGS v. JOHN C. GREEN**

**Appeal from the Circuit Court for Davidson County**
**No. 12C5340     Kelvin D. Jones, Judge**

**No. M2016-01369-COA-R3-CV**

This appeal arises from a two-car accident. In her complaint, Plaintiff alleged that the collision occurred because Defendant violated several statutory rules of the road by failing to yield the right of way and making a turn across traffic without confirming it was safe to do so. Defendant denied any negligence and claimed that Plaintiff was more than 50% at fault. Following a trial, the jury found that Plaintiff was 75% at fault; as a result, judgment was entered for Defendant. On appeal Plaintiff contends she is entitled to a new trial for two reasons. She contends the trial court abused its discretion by limiting the testimony of the investigating police officer to what the parties told him at the scene and to matters that are reflected in his accident report. She also contends she is entitled to a new trial due to jury misconduct. Finding no abuse of discretion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

Rocky McElhaney and Justin Hight, Nashville, Tennessee, for the appellant, Kim L. Higgs.

J. Bart Pickett and Julie Bhattacharya Peak, Brentwood, Tennessee, for the appellee, John C. Green.

**OPINION**

Kim Higgs ("Plaintiff") and John Green ("Defendant") were involved in an automobile accident on Old Hickory Boulevard, near the intersection of Franklin Road in Brentwood, Tennessee, on January 11, 2012. The accident occurred as Defendant was making a left-hand turn across Plaintiff's lane of traffic to enter a gas station when the

front of Plaintiff's vehicle collided with the rear quadrant of the passenger's side of Defendant's vehicle.

Plaintiff alleged that the collision occurred as a result of Defendant's failure to yield when turning left in front of her vehicle. More specifically, Plaintiff asserted the accident was due to Defendant's "failure to keep a proper lookout, failure to keep his vehicle under control, failure to yield the right of way and turning his vehicle without confirming it was safe to do so." The complaint also alleged that Defendant broke the following statutory rules of the road, which constituted negligence per se:

a.    Failing to yield the right of way to [Plaintiff's] vehicle in violation of Tenn. Code Ann. § 55-8-129;

b.    Failing to ensure that the turn could be made with reasonable safety in violation of Tenn. Code Ann. § 55-8-142;

c.    Failing to exercise due care to avoid colliding with another vehicle in violation of Tenn. Code Ann. § 55-8-136; and

d.    Driving his vehicle in willful or wanton disregard for the safety of others in violation of Tenn. Code Ann. § 55-10-205.

A jury trial was held from March 9-10, 2016. At trial, Plaintiff called as a witness Officer Curtis Rich, the investigating police officer. During voir dire outside the presence of the jury, Officer Rich was questioned about the accident. He testified that he arrived at the scene after the vehicles had been removed from the roadway. He also stated that he had no independent recollection of the accident other than what was written in his police report and the police report did not indicate that Defendant had crossed a double-yellow line when he made his left turn to cross Plaintiff's lane of traffic. Nevertheless, Officer Rich stated, based on his familiarity with the area, that there was a double-yellow line, which indicated a "continuation of [a] median," and that it is illegal to make a turn over medians. Nevertheless, Officer Rich admitted that Defendant was not cited for any violatioins.

Following voir dire of Officer Rich, Defendant objected to his testimony on the grounds he is not an expert in accident reconstruction, he did not personally witness the vehicles in the road, and he had no independent recollection of the accident. Defendant also objected to any testimony regarding the improper crossing of a double-yellow line, arguing that Plaintiff did not specifically plead this allegation in her complaint. After considering the arguments on this issue, the trial court ruled on this issue in the following exchange:

**Trial Court**: We're going to allow Officer Rich to testify as to what happened after he got to the scene and what the drivers of vehicle one and two said to him, not reconstruct the scene, but he can testify as to what he was told by the drivers one and two after he got to the scene.

. . .

**Counsel for Plaintiff**: [A]re we allowed to ask him about his knowledge of what cars are supposed to do when they're located in certain locations . . .

**Trial Court**: Well, the problem is he never cited [Defendant]. There was no citation that day. . . . [S]o then the question would have been, if you know that there was a violation of the rules of the road, why didn't you write a citation? He doesn't have any knowledge. He doesn't recall that. So no, that would not be appropriate. But, again, he can testify as to what the two parties told him.

**Counsel for Defendant**: And is that based on his independent memory?

**Trial Court**: He can rely upon his report. . . . I'm going to allow him to testify from his narrative. Whatever is contained in his narrative, he can testify to.

At the close of Plaintiff's proof, Defendant moved for a directed verdict on, *inter alia,* any allegation that Defendant made an improper turn over a double-yellow line. The court granted this motion and directed a verdict on this issue.

After trial, the jury returned a verdict finding both Defendant and Plaintiff to be at fault for the accident. The jury assigned 75% of the fault to Plaintiff and 25% of the fault to Defendant. Judgment in favor of Defendant was entered on March 31, 2016.

Plaintiff filed a motion for a new trial on two grounds. She contended that she should have been permitted to introduce evidence that Defendant crossed "a double-yellow line" when turning left in front of her vehicle, and that she was "extremely prejudiced by not being allowed to submit proof on this fact."

She also contended that a new trial was warranted on the ground of juror misconduct. In support of this motion, Plaintiff filed the affidavit of an alternate juror who stated that, before the conclusion of proof in the trial, she overheard a discussion between several jurors during a break in the jury room. During this discussion,

- 3 -

[s]everal of the jurors made comments to the entire jury that part of [Plaintiff's] testimony was confusing and didn't make sense. . . . The part of the testimony the jurors discussed was [Plaintiff's] belief that she had passed [Defendant] just before their collision. . . . Several of the jurors commented on what they though [Plaintiff] meant by her testimony.

Plaintiff also filed the affidavit of Andrea Colgate, a witness at trial. Ms. Colgate stated that, while in a break room at the courthouse, she overheard two jurors discussing Plaintiff. According to Ms. Colgate, "One of the jurors said to the other that she didn't think [Plaintiff] was hurt. The other juror said 'uh huh' as to agree with the other juror."

Following a hearing, the trial court denied the motion for a new trial. The court held that Plaintiff did not plead a double-yellow line violation in her complaint. The court also found that there was no proof that Defendant crossed a double-yellow line when turning into the gas station or that doing so constituted a violation of a statute or ordinance. Moreover, the court found that the officer "was not qualified as an expert or knowledgeable as to the subject nor did he issue any citation regarding the alleged violation."

With regard to the juror misconduct, the court found that the alleged juror misconduct was harmless; therefore, it did not constitute grounds for a new trial.

Plaintiff initiated this appeal and raises the following issues:

1.  Whether the juror misconduct, which occurred before jury deliberation, was sufficient to warrant a new trial.

2.  Whether the trial court erred by prohibiting Plaintiff to question the Defendant and the investigating officer about the Defendant turning left in front of Plaintiff and crossing a median continuation, or double-yellow line, at the intersection at issue to prove fault of the Defendant.

**ANALYSIS**

I. DOUBLE-YELLOW LINE

Plaintiff contends the trial court erred by excluding evidence that Defendant crossed a double-yellow line when he turned in front of her vehhicle.

Decisions regarding the admissibility of evidence rest within the sound discretion of the trial court. *Danny L. Davis Contractors, Inc. v. Hobbs*, 157 S.W.3d 414, 418-19 (Tenn. Ct. App. 2004) (citing *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442

(Tenn. 1992)). The trial courts are given wide latitude on evidentiary decisions, and such decisions are reviewed under the deferential abuse of discretion standard of review. *Id.* at 419. The abuse of discretion standard does not permit reviewing courts to substitute their discretion for the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Nevertheless, the abuse of discretion standard of review does not immunize a lower court's decision from any meaningful appellate scrutiny. *Id.* We review the trial court's evidentiary decisions to determine, where applicable, whether there is a factual basis for the decision in the record, whether the court properly identified and applied the applicable legal principles, and whether the decision is within the range of acceptable alternative dispositions. *Id.*

Under the Tennessee Rules of Evidence, all relevant evidence is admissible unless prohibited by the federal or state constitution, a state statute, or a specific rule of evidence. Tenn. R. Evid. 402. "Relevant evidence" is evidence having a tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence. Tenn. R. Evid. 401. "Evidence which is not relevant is not admissible." Tenn. R. Evid. 402.

Plaintiff has not cited any statute or ordinance that prohibits a driver from making a left turn across a double-yellow line to enter a private drive or business entrance, and we are not aware of any such authority. Nevertheless, we will address two statutes that deserve discussion. One is Tenn. Code Ann. § 55-8-125, which prohibits drivers from turning left across the center of a "divided highway."[1] Here, Plaintiff does not contend that Defendant turned left across a divided highway. Moreover, where Defendant made his left turn does not match the description of a divided highway in the context of Tenn. Code Ann. § 55-8-125. Therefore, Tenn. Code Ann. § 55-8-125 is not relevant.

The other statute is Tenn. Code Ann. § 55-8-115(a), which requires that all vehicles be driven upon the right half of the roadway, except as follows:

(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

---

[1] While Plaintiff does not contend that Defendant turned left across a "divided highway," Tenn. Code Ann. § 55-8-125 prohibits drivers from turning left through the center of a divided highway:

Whenever any highway has been divided into two (2) roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway and no vehicle shall be driven over, across, or within any dividing space, barrier, or section, except through an opening in the physical barrier or dividing section or space or at a cross-over or intersection established by public authority.

(2) When the right half of a roadway is closed to traffic while under construction or repair;

(3) Upon a roadway divided into three (3) marked lanes for traffic under the applicable rules thereon; or

(4) Upon a roadway designated and signposted for one-way traffic.

Tenn. Code Ann. § 55-8-115(a).

This statute was discussed in detail by our Supreme Court in *State v. Davis*, 484 S.W.3d 138, 141 (Tenn. 2016) in the context of a Fourth Amendment challenge to a traffic stop. In *Davis*, a police officer initiated a traffic stop after observing the defendant's vehicle cross over the road's double-yellow center line on several occasions. The defendant was subsequently arrested after the officer determined that the defendant was intoxicated. *Id*. The defendant filed a motion to suppress, contending that the police officer lacked sufficient probable cause to initiate the traffic stop. *Id*. When the trial court denied the motion, the defendant pleaded guilty to driving under the influence and reserved a certified question of law regarding the legality of the stop. *Id*. The Supreme Court affirmed the legality of the traffic stop by concluding:

> In light of the plain text of [Tenn. Code Ann. § 55-8-115(a)], and guided by these well-reasoned decisions, we construe Section 115 as creating an offense that is committed upon a vehicle crossing the center lane line(s) of a roadway on even one occasion when none of the four delineated exceptions applies. Therefore, a police officer who observes a motorist violating Section 115 will have probable cause to turn on his blue lights and stop the motorist.
>
> . . .
>
> [O]ur legislature has chosen to criminalize the common driving infraction of crossing the center lane line(s), except under four limited circumstances. By passing Section 115, our General Assembly has made a policy decision that all motorists . . . who briefly cross a center lane line on Tennessee roadways are subject to a traffic stop for committed a misdemeanor. It is not for this Court to second-guess our legislature's policy decisions unless those decisions contravene either the federal or state constitutions.

*Id*. at 147-48 (internal citations and footnotes omitted).

We believe the facts of the case at bar are distinguishable because, even if we assume Defendant crossed a double-yellow line as he made his left turn, he was no longer

driving or attempting to drive on the roadway.[2] Stated another way, because Defendant was making a left turn in order to enter the gas station, at which time he would have exited the roadway, he was no longer required to drive "upon the right half of the roadway." Accordingly, Tenn. Code Ann. § 55-8-115(a) is not relevant.

Therefore, whether Defendant made a left turn across a double-yellow line is not a "fact of consequence." *See* Tenn. R. Evid. 401. Moreover, the jury considered whether the collision occurred as a result of Defendant failing to yield when turning left in front of her vehicle, failing to keep a proper lookout, failing to keep his vehicle under control, and turning his vehicle without confirming it was safe to do so. The jury also considered whether Defendant was negligent per se by violating one or more of the following statutory rules of the road:

a. Failing to yield the right of way to [Plaintiff's] vehicle in violation of Tenn. Code Ann. § 55-8-129;

b. Failing to ensure that the turn could be made with reasonable safety in violation of Tenn. Code Ann. § 55-8-142;

c. Failing to exercise due care to avoid colliding with another vehicle in violation of Tenn. Code Ann. § 55-8-136; and

d. Driving his vehicle in willful or wanton disregard for the safety of others in violation of Tenn. Code Ann. § 55-10-205.

For these reasons we conclude that the trial court did not abuse its discretion by excluding evidence concerning a double-yellow line.

## II. JUROR MISCONDUCT

Plaintiff argues that the trial court erred in denying her motion for a new trial on the ground of juror misconduct.

"It is well settled that a jury's verdict must be grounded on the evidence that was introduced at trial." *Allen v. Albea*, 476 S.W.3d 366, 374 (Tenn. Ct. App. 2015) (citing *Patton v. Rose*, 892 S.W.2d 410, 413)). A verdict that is based on something other than the evidence introduced at trial is improper. *Id.* The party seeking a new trial on the ground of juror misconduct bears the burden of proving misconduct by a preponderance of the evidence. *Id.* at 376 (citing *Worley v. Rarity Communities, Inc.*, No. M2012-01373-

---

[2] As noted earlier, the trial court excluded the officer's statement that there was a double-yellow line because it was not indicated on the accident report.

COA-R3-CV, 2013 WL 3958444, at *1 (Tenn. Ct. App. July 29, 2013)). Additionally, "[a] final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b); *see also Johnson-Murray v. Burns*, No. M2016-00431-COA-R3-CV, 2017 WL 991891, at *11 (Tenn. Ct. App. March 14, 2017). We review a trial court's denial of a motion for a new trial under the abuse of discretion standard of review. *Allen*, 476 S.W.3d at 373.

At the beginning of trial, the court correctly instructed the jurors that they should "not discuss the case either among [themselves] or with anyone else during the trial," and also to "keep an open mind until [they] have heard all of the evidence, the attorneys' closing arguments and my final instructions concerning the law." After trial, Plaintiff submitted two affidavits purporting to show that the jurors failed to comply with the court's instructions by discussing aspects of the case prior to the closing of proof. Based on these affidavits, Plaintiff contends that a new trial is warranted on the ground of jury misconduct.

After reviewing the record, we agree with Plaintiff that the jury failed to follow these instructions. Nevertheless, Plaintiff has failed to establish that this conduct more probably than not affected the outcome of the verdict or resulted in prejudice to the judicial process. *See* Tenn. R. App. P. 36(b). Accordingly, the trial court did not abuse its discretion by denying Plaintiff's motion for a new trial.

IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Kim L. Higgs.

_____
FRANK G. CLEMENT, JR., P.J., M.S.

- 8 -